

**WO**  BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis J. Woods, Jr., | No. CV 05-0221-PHX-NVW (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Plaintiff Dennis J. Woods, Jr., a county jail inmate at the Maricopa County Durango Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the action without prejudice.

On January 19, 2005, the Court received Plaintiff's Complaint for filing. (Doc. #1). The same day, the Court issued a Notice of Assignment (Doc. #2) to Plaintiff. On September 23, 2005, the Court sent an order directing monthly payments to be made from the prison trust account and a service order to Plaintiff (Doc. # 3, 4). On October 3, 2005, the September 23, 2005 Orders were returned in the mail as undeliverable. Plaintiff has not provided the Court with his present address, and more than eight months has elapsed since he filed his Complaint.

Local Rule of Civil Procedure 3.4(a) requires that a prisoner-litigant comply with the instructions attached to the court-approved complaint form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal

of your case." Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2, ¶ H. To this date, Plaintiff has failed to provide the Court with his current address.

Plaintiff was warned that failure to file a notice of change of address could result in the dismissal of the action. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (providing that "[a] party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Plaintiff has not filed a notice of change of address and mail sent to his last know address has been returned. An order to show cause why this action should not be dismissed for failure to prosecute would be futile. See Carey, 856 F.2d at 1441 (providing that "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail"). Accordingly, this case will be dismissed without prejudice.

**IT IS ORDERED** that this action is **dismissed** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the Clerk of Court shall **enter judgment** accordingly. DATED this 13th day of October, 2005.

_____
Neil V. Wake
United States District Judge